UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.O. SMITH CORPORATION and ) | |
| A.O. SMITH ENTERPRISES, LIMITED, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11CV1117 TIA |
| ) | |
| EMERSON ELECTRIC COMPANY and ) | |
| EMERSON APPLIANCE SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Request the Court to Address Certain Motions (Docket Nos. 17 and 42) and to Amend the Pleadings to Add Therm-O-Disc, Inc. as a Party (Docket No. 42), and Motion of A.O. Smith Enterprises, Limited for Reconsideration Pursuant to Rule 60(B) of this Court's August 5, 2011 Order Dismissing Defendant Emerson Appliance Solutions (Docket No. 17). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

A party's motion to reconsider a non-final order is governed by considerations under Rule 60(b) of the Federal Rules of Civil Procedure. Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see also Elder-Keep v. Aksamit, 460 F.3d 979, 984-85 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'"). Under Rule 60(b), the Court may relieve a party from an order for any one of the enumerated reasons in the rule, including excusable neglect, surprise, newly discovered evidence, fraud, a void judgment, or any other reason that would justify relief. Relief under "Rule 60(b) is an extraordinary remedy" and is "justified only under 'exceptional circumstances.'" Prudential

Ins. Co. of Am. v. National Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (quoting Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999)).

From a review of the instant motion, the applicable ground upon which Plaintiffs seek relief is Rule 60(b)(6)'s catch-all provision, which provides that relief may be granted for "any other reason that justifies relief."

The instant Petition alleges claims for breach of contract, breach of warranty and fraudulent inducement of contract. Named Defendant Emerson Appliance Solutions filed a Motion to Dismiss arguing that it is not a corporation or any other entity capable of being sued under Fed. R. Civ. P. 17(b). After reviewing the motion, the applicable case law, and the declaration of Joseph J. Garavaglia, the undersigned granted the unopposed motion finding that Emerson Appliance Solutions is not a corporation or any other entity capable of being sued.

Under Federal Rule of Civil Procedure 12(d):

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); see also McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). Matters outside the pleadings include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'" Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366). However, in addressing a motion to dismiss, courts "may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint." Great Plains Trust Co. v. Union Pac. R.R. Co.,

492 F.3d 986, 990 (8th Cir. 2007) (citations omitted).

In this case, Emerson Appliance Solutions submitted the declaration of Joseph Garavaglia and the undersigned relied on the declaration as support for granting the motion to dismiss. A review of the instant record shows that the declaration is absent from the Plaintiffs' Petition and accompanying exhibits. Because Emerson Appliance Solutions has submitted matters outside the pleadings in support of the Motion to Dismiss, the Court should have treated the motion as one for summary judgment under Fed. R. Civ. P. 56. Accordingly, the Court will give Emerson Appliance Solutions time to file a Motion for Summary Judgment to comply with Rule 56 and Local Rule 4.01, and Plaintiffs an opportunity to file opposition thereto. The Court will then entertain the Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Request the Court to Address Certain Motions (Docket Nos. 17 and 42) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion of A.O. Smith Enterprises, Limited for Reconsideration Pursuant to Rule 60(B) of this Court's August 5, 2011 Order Dismissing Defendant Emerson Appliance Solutions (Docket No. 17) is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend the Pleadings to Add Therm-O-Disc, Inc. as a Party (Docket No. 42) is **DENIED WITHOUT PREJUDICE** subject to refiling if deemed necessary by Plaintiffs.

**IT IS FURTHER ORDERED** that Defendant Emerson Electric Co.'s Request for a Hearing and Oral Argument on its Motion for Partial Summary Judgment (Docket No. 59) is **GRANTED.**

After consulting with opposing counsel, Defendant Emerson Electric Co.'s counsel shall contact chambers regarding available dates for oral argument.

Dated this   26th   day of October, 2012.

                                                      /s/Terry I. Adelman
                                        UNITED STATES MAGISTRATE  JUDGE